UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RENEE HAWKINS** | **CASE NO. 23-cv-1645** |
| -vs- | **JUDGE DRELL** |
| **LA DEPT OF HEALTH** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the court is a motion for summary judgment filed by the Louisiana Department of Health on May 1, 2025 seeking dismissal of this matter. (Doc. 25). *Pro se* plaintiff Renee Hawkins has not responded to the motion and the time delay within which to do so has run. Accordingly, the motion is ripe for consideration.

For the reasons contained herein, the motion for summary judgment will be GRANTED.

**I.    Background**

On November 20, 2023, counsel for Renee Hawkins filed a complaint alleging race discrimination and retaliation by her employer, the Louisiana Department of Health, in violation of 42 U.S.C. § 2000e, *et seq*. (Doc. 1).[1] According to Hawkins' complaint, she began working at Pinecrest Supports and Services Center ("Pinecrest"), a Louisiana Department of Health facility, in May 2009 as a Residential Services II, and at the time her complaint was filed, she was serving as a Social Services Specialist. Hawkins claims she was discriminated against on the basis of race and retaliated against beginning in 2021 when she became the only African American in her department. She claims she was isolated from her peers, excluded from pertinent work

---

[1] Counsel for Hawkins was allowed to withdraw on August 16, 2024 due to Hawkins failure to pay legal fees and expenses. Hawkins has been proceeding pro se since then, but has not made any appearances.

communications, not permitted to work on-call days and earn overtime, excluded from training opportunities, and prevented from receiving items required to perform her job. After making a complaint to her supervisor, Jennifer James, around April 2022, Hawkins claims she was retaliated in May 2022 when she received a written reprimand for the way she handled a case she received in February 2022.

According to Defendant, Hawkins began her employment as a Social Services Specialist 2, Minor Injury of Unknown Source Investigator ("MIUS Investigator") in 2016. As a MIUS Investigator, Hawkins was responsible for investigating injuries sustained by Pinecrest residents. Within three days of the complaint being made, she was required to make a probable cause determination of the injury and complete a report which was to include witness testimony, documentary evidence, and a review of video footage from the resident's home. From March 15, 2022 through May 19, 2022 Hawkins turned in reports that were deficient and repeatedly missed the three-day deadline to complete her investigations and submit her reports. On May 9, 2022, Hawkins received the written reprimand dated April 22, 2022 noting her mishandling of a case she was assigned in February 2022. On May 23, 2022, Hawkins voluntarily took leave under the Family Medical Leave Act ("FMLA").

Hawkins exhausted her FMLA leave as well as her sick leave, yet by December 2024 she had not returned to work. Accordingly, on December 18, 2024, Defendant sent a letter notifying Hawkins that if she did not return to work she would be terminated pursuant to Civil Service Rule 12.6(a)1. As of January 2025, Hawkins neither responded to the letter nor returned to work; accordingly, in a letter dated January 15, 2025 Defendant advised Hawkins she was being terminated pursuant to Civil Service Rule 12.6(a)1 effective January 27, 2025.

## II. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine issue of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312, citing Anderson v Liberty Lobby, 477 U.S. at 247.

**III.    Analysis**

<u>Race Discrimination</u>

A plaintiff "may prove a claim of intentional discrimination ... either by direct or circumstantial evidence." <u>McCoy v. City of Shreveport</u>, 492 F.3d 551, 556 (5th Cir. 2007), abrogated on other grounds by <u>Hamilton v. Dallas Cnty.</u>, 79 F.4th 494 (5th Cir. 2023). When a plaintiff offers no direct evidence of intentional race discrimination, the claim is analyzed under the burden shifting framework set forth in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973). <u>Id.</u> Under this burden shifting framework, the plaintiff must first establish a *prima facie* case that creates the inference of discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802. If accomplished, the burden shifts to the defendant to produce evidence establishing the adverse employment action was taken for a legitimate, non-discriminatory reason. <u>Id.</u> Assuming, such a showing is made, the burden returns to the plaintiff to establish, by a preponderance of the evidence either: (1) the defendant's reason is not its true reason, but is a pretext for discrimination, or (2) while the reason may be true it is but one of the reasons for his/her conduct, another of which is discrimination. <u>Id.</u> at 804-05; <u>Reeves v. Anderson</u>, 530 U.S. 133 (2000); <u>Machinchick v. PB Power, Inc.</u>, 398 F.3d 345, 352 (5th Cir. 2005); <u>Ross v. Judson Indep. Sch. Dist.</u>, 993 F.3d 315, 321 (5th Cir. 2021).

To establish a *prima facie* case, Hawkins must show she: (1) was a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position at issue at the time of his discharge; and (4) was replaced by someone outside of his protected group or treated less favorably than other similarly situated employees outside of his protected group under nearly identical circumstances. <u>McCoy</u>, 492 F.3d at 556 (5th Cir. 2001). Hawkins has not responded to the motion for summary judgment, but based on the record, we find that she has established a *prima facie*.

4

The burden now shifts to the Defendant to articulate a legitimate, non-discriminatory reasons for the alleged discriminatory actions. Hawkins alleges generally that she was not provided supplies needed to conduct her job, prohibited from working the on-call schedule to earn extra income, placed in an office away from others, and wrongfully accused of mishandling cases. Although not alleged in the complaint, Hawkins was ultimately terminated from her position on January 27, 2025. In response, the Defendant provides the sworn declaration of Hawkins' supervisor, Jennifer James, who states Hawkins was not denied supplies needed to perform her job; rather, she failed to respond to an email regarding the calendar orders. When the calendars were delivered, Hawkins said she needed one, but when James offered her own calendar, Hawkins declined the offer saying it was not the kind she desired. Additionally, Hawkins was not the only person in her department that was not provided incident reports. Paper incident reports were to be provided by the person at intake who took the report. On occasion, that person would fail to provide the paper reports and MIUS Investigators would have to request one. This was an occurrence that affected all MIUS Investigators, not just Hawkins. Hawkins was also not denied office space near other MIUS Investigators. In fact, she declined the offer to be moved because she preferred her original office that had its own bathroom. Likewise, she declined to accept the only on-call opportunities that were offered to MIUS Investigators during Hawkins tenure citing medical reasons that prevented her from answering the phone during nighttime hours. Finally, Hawkins' termination was based on her failure to return to work. She exhausted her FMLA leave and sick leave, yet never returned to work. As Hawkins neither responded to the December 18, 2024 letter advising that she needed to return to work or face termination, she was terminated effective January 27, 2025.

As Defendant has articulated legitimate, non-discriminatory reasons for actions taken against Hawkins, the burden now shifts to her to produce evidence establishing the reasons are a pretext for race discrimination. However, Hawkins failed to submit an opposition to the motion for summary judgment and the record lacks any evidence in support of her position. Without such evidence, she cannot carry her burden of proof, and her claims for race discrimination must be dismissed.

Retaliation

Title VII makes it unlawful for an employer to retaliate against an employee who "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3a. To establish a *prima facie* case of retaliation, Hawkins must show that "(1) she engaged in conduct protected by Title VII; (2) she suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." Hudson v. Lincare, Inc., 58 F.4th 222, 232 (5th Cir. 2023) (Citations omitted).

"At the *prima facie* stage, the standard for satisfying the causation element is much less stringent than a 'but for' causation standard." Ackel v. Nat'l Commc'n, Inc., 339 F.3d 376, 385 (5th Cir. 2003) (internal quotation marks omitted).[2] However, the employee "must produce *some* evidence of a causal link between the protected activity and the adverse employment action." Id. For example, she may rely upon "temporal proximity" between the protected conduct and retaliation. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish

---

[2] The Fifth Circuit has "repeatedly held that the requirement of showing but-for causation applies in the final pretext stage, rather than the *prima facie* stage." Williams v. BRFHH Shreveport, LLC., 801 F.App'x 921, 924-26 (5th Cir. 2020) (citing Garcia v. Professional Contract Services, Inc., 938 F.3d 236, 243 (5th Cir. 2019)).

a *prima facie* case uniformly hold that the temporal proximity must be 'very close.'" Clark v. County School Dist. v. Breeden, 532 U.S 268, 276-77 (2001) citing Oneal v. Ferguson Constr. Co., 237 F.3d 1248, 1259 (C.A. 10 2001). See, e.g., Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (C.A.10 1997) (3-month period insufficient); Hughes v. Derwinski, 967 F.2d 1168, 1174-1175 (C.A.7 1992) (4-month period insufficient). Here, taking Hawkins' claims as true, a complaint of race discrimination was made one month prior to her receiving notice that she was being reprimanded for mishandling a case she had been assigned in February 2022. Accordingly, the temporal proximity prong is satisfied for purposes of a *prima facie* causation element.

Defendant now bears the burden of "articulat[ing] a legitimate, non-retaliatory reason for the adverse employment action." Shahrashoob v. Texas A&M Univ., 125 F.4th 641, 652-53 (5th Cir. 2025). Defendant has documentary evidence showing that on March 15, 2022, Hawkins was investigated for the way she handled a case assigned to her on or about February 18, 2022. Specifically, it was found that Hawkins, against protocol, falsified information in that report. Additionally, Defendant provides copies of numerous from March 11, 2022 through May 19, 2022 notifying Hawkins about conducting in person investigations, identifying deficient reports, and repeatedly asking her for overdue reports. These requests for additional information and overdue reports predate the purported April 2022 reporting of racial discrimination to Jennifer James. Moreover, they provide evidence to support Defendant's assertion that the investigation and reprimand was not retaliatory in nature but based on Hawkins continual failure to follow protocol.

Because Hawkins has not responded to the motion she cannot carry her burden of proving that the reasons advanced by Defendant are a pretext for retaliation. See Shahrashoob v. Texas A&M Univ., 125 F.4th 641, 654 (5th Cir. 2025) ("A plaintiff fails to establish pretext when there

is not significant record evidence beyond temporal proximity."). Accordingly, Hawkins retaliation claim will also be dismissed.

**IV.    Conclusion**

For the reasons expressed herein, the Louisiana Department of Health's motion for summary judgment will be granted and the claims for race discrimination and retaliation will be dismissed with prejudice. The court will issue a judgment in conformity with these findings.

THUS DONE AND SIGNED at Alexandria, Louisiana this 30th day of September 2025.

_____
DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT